## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

|  | § |  |
|---|---|---|
| IN RE: | § | CASE NO: 23-10066 |
|  | § |  |
| S2 ENERGY OPERATING, LLC, [1] | § | CHAPTER 11 (Jointly Administered) |
|  | § |  |
| DEBTORS. | § | SECTION A |
|  | § |  |

## <u>ORDER</u>

Before the Court is the *Motion for Orders (A) Approving Auction Procedures and Bid Procedures; and (B) Approving Sale of Property of the Estate Free and Clear of Liens and Claims* (the "<u>Bid Procedure Motion</u>"), [ECF Doc. 37],[2] filed by S2 Energy Operating, LLC; Krewe Energy, LLC; S2 Energy 1, LP; and Krewe T-Bay, LLC (collectively, the "<u>Debtors</u>"). The Court held a hearing on the Motion on January 27, 2023. Considering the pleadings and the record, the arguments of counsel, and for the reasons stated on the record;

The Court finds that:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

---

[1]     On January 20, 2023, this Court entered an Order allowing joint administration of the bankruptcy cases of Krewe Energy, LLC (Case No. 23-10067), S2 Energy 1, LP (Case No. 23-10068), and Krewe-TBay, LLC (Case No. 23-10069) with S2 Energy Operating, LLC (Case No. 23-10066). [ECF Doc. 31].

[2]     Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Bid Procedures attached hereto.

B.      This Court has jurisdiction pursuant to 28 U.S.C. § 1334.  This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      The bases for the relief requested in the Bid Procedures Motion are §§ 105, 363, 365, 503, and 507 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9007, and 9014.

D.      Notice of the Bid Procedures Motion has been given to: (a) the United States Trustee; (b) the Internal Revenue Service; (c) the State of Louisiana; (d) Sheriffs and Ex-Officio Tax Collectors for Parishes of Terrebonne, Jefferson, Vermillion, Lafourche and Plaquemine; (e) all parties registered to receive notice via this Court's ECF system; (f) all parties requesting notice in accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure; (g) all parties who are known or reasonably believed by the Debtors, after reasonable inquiry, who possess or may possess lien rights pursuant to the Louisiana Oil Well Lien Act (La RS 9: 4861 *et seq*) and CRC Krewe AIV LLC and all members of the creditors committee appointed solely  in the S2 Energy Operating LLC case and its counsel .

E.      The Debtors have articulated good and sufficient reasons for this Court to: (a) approve the Bid Procedures, including the Bid Protections; (b) schedule the Bid Deadline, the Auction, and the Sale Hearing; and (c) approve the form and manner of notice of the Auction and Sale Hearing.

F.      The Bid Protections (i) shall, if triggered, be deemed actual and necessary expenses of preserving the Debtors' bankruptcy estates within the meaning of §§ 503(b) and 507(a)(2) of the Bankruptcy Code; (ii) are commensurate to the real and substantial benefit conferred upon the Debtors' estates by the sales process; (iii) are reasonable and appropriate, including, in light of the

2

size and nature of the proposed sale and comparable transactions, the commitments that will be made by a Stalking Horse Bidder, should one be designated, notwithstanding that the proposed sale is subject to better and higher offers.  Any cash component of the Bid Protections will be paid from the cash proceeds of any sales.

G.      To the extent that any executory contracts or leases are to be assumed and assigned in connection with the sale, they shall be the subject of a separate motion to be heard in conjunction with the Sale Motion to be held contemporaneous with the Sale Hearing.

Accordingly,

**IT IS ORDERED** that the Bid Procedures Motion is **GRANTED** as set forth herein:

1.      All objections, reservations of rights, and responses to the relief requested in the Bid Procedures Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Bid Procedures Motion or by stipulation filed with the Court, are overruled.

2.      **Important Dates and Deadlines.**

| Event | Date |
|---|---|
| **Bid Deadline** | March 9, 2023, at 5:00 p.m. (Central Time) |
| **Notification to Potential Bidders and Consultation Parties** | Notification of Bid received no later than within two (2) business days after the Bid Deadline with status of whether a qualified bidder to be determined after review of the potential bids and negotiations with the Debtor and the Consultation Parties, with all Potential Bidders having to qualify on or before April 20, 2023. |
| **Designation of Stalking Horse Bidder** | April 12, 2023, or reasonably thereafter if a qualified bidder seeks such status after the designation deadline |
| **Auction to be conducted by Seaport Global Securities LLC** | April 26, 2023, at 10:00 a.m. (Central Time) |
| **Filing of Notice of Auction Results, Sale Motion and Motion to Assume/Assign Contracts or Leases** | April 28, 2023, on or before 5:00 p.m. (Central Time) |

| Sale Objection Deadline | May 5, 2023, on or before 5:00 p.m. (Central Time) |
|---|---|
| Sale Hearing | May 10, 2023, at 10:00 a.m. (Central Time) |

3.      **Consultation Parties.**  The Debtors are authorized and directed to consult with Archrock Partners Operating, LLC, Express Supply & Steel, LLC and DNOW L.P. d/b/a DistributionNOW, and counsel for the Official Committee of Unsecured Creditors appointed in the S2 Exploration case (the "UCC") (each, a "Consultation Party," and collectively, the "Consultation Parties") at relevant points during the marketing and sale process.  Each Consulting Party that is a lien holder or a member of the UCC, will sign a verification that such party will not either be a bidder or finance a bidder at the auction. If a lienholder or other party wishes to be a Consultation Party, such entity shall notify Greta M. Brouphy (gbrouphy@hellerdraper.com) within ten (10) days of the entry of this Order.  The notification shall be accompanied by a letter stating:  a) the claim that such party has against any of the Debtors;  b) whether the party is a secured or unsecured creditor of the Debtor, the basis of the security interest and the property which the asserted security interest attaches; and c) a verification that such party or any insider or affiliate of such party will not either be a bidder at the auction or finance bidder at the auction.  All Consultation Parties, including each member of the UCC and its counsel, shall execute a Non-Disclosure Agreement relative to information received by such Consultation Party.  If a Consultation Party intends to submit a bid, that Consultation Party shall immediately notify Debtors' counsel and the other Consultation Parties.  Upon receipt of this notification, that party will no longer be a Consultation Party.

4.      **Bid Deadline.**  The deadline by which all Bids for the Debtors' Assets must be *actually received* by as specified in the Bid Procedures, including, Douglas S. Draper, as counsel for the Debtors, and Seaport Global Securities LLC ("Seaport") is 5:00 p.m. (Central Time), on March 9, 2023. The Debtors, in consultation with Seaport and the Consultation Parties, shall

determine whether a Bid is a Qualified Bid.  As set forth in the Bid Procedures, Seaport in consultation with the Consultation Parties shall have the authority to designate a Prospective Bidder as a Qualified Bidder after March 9, 2023, but prior to April 20, 2023 if Seaport determines the classification of such Proposed Bidder as a Qualified Bidder is in the best interests of the Estate

5.  **Auction**.  April 26, 2023, at 10:00 a.m. (Central Time), is the date and time of the Auction.  Such Auction will be held in the offices of Seaport, Poydras Center, 650 Poydras Street, Suite 2715, New Orleans, Louisiana 70130, or other so location designated by Seaport, with Qualified Bidders permitted to appear in person at the Auction or to bid virtually via online videoconference.  The Consultation Parties are allowed to appear at the Auction.  The Auction will be conducted by Seaport in accordance with the Bid Procedures.  Each Qualified Bidder attending shall be required to confirm that it has not engaged in any collusion within the mearing of 11 U.S.C § 363(n).

6.  **Notice of Bids Received.**  The Debtors and Seaport shall send notification of bids received to the prospective bidders, no later than within two (2) business days after the Bid Deadline with status of whether a qualified bidder to be determined after review of the potential bids and negotiations with the Debtor and the Consultation Parties, with all Potential Bidders having to qualify on or before April 20, 2023.  The Debtors and/or Seaport shall send copies of the received bids within two (2) business days after the Bid Deadline to the Consultation Parties.

7.  **Notice of Auction Results, Sale Motion, and Assumption and Assignment Motion.**  The Debtors shall file a notice detailing the results of the Auction, including the designation of the Winning Bidder and the Backup Bidder the later of April 28, 2023, on or before 5:00 p.m. (Central Time) or within one business day following the date that the Auction is concluded.  The Debtors shall also file with the Court and serve on all parties in interest (i) a

Motion to Assume/Assign Contracts or Leases (the "Assumption and Assignment Motion") on contracts and leases that are to be assumed and assigned to the Winning Bidder with a notice of proposed cure amounts (the "Cure Notice"), and (ii) a motion seeking the approval of the sale of the assets to the Winning Bidder(s) ("Sale Motion") on April 28, 2023, on or before 5:00 p.m. (Central Time) or within one business day following the date that the Auction is concluded. The inclusion a contract or lease on such Cure Notice shall not constitute or be deemed to be a determination or admission by the Debtors or any other party in interest that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

8.       **Objection Deadline for Sale Hearing and Assumption and Assignment Motion**. Objections, if any, to the sale must be made on or before 5 :00 p.m. (Central Time) on May 5, 2023 (the "Objection Deadline"). Objections if any, to the sale of the Assets, any of the transactions contemplated by the APA/Modified APA, and/or the relief requested in the motions, including without limitation, the treatment of the designated contracts and any and all matters relating to the potential assumption by Debtors and assignment to the Stalking Horse Bidder or Bidders or other Winning Bidder or Bidders of such designated contracts, must: be in writing; comply with the Bankruptcy Rules and the local rules of the Bankruptcy Court; be filed with the clerk of the Bankruptcy Court for the Eastern District of Louisiana, (or filed electronically via the Bankruptcy Court's electronic filing system), on or before the Objection Deadline; and be served so as to be received no later than 5:00 p.m. (Central Time) on the Objection Deadline by the following: (i) counsel to Debtors, Douglas S. Draper, ddraper@hellerdraper.com, and (ii) MSchmidt@seaportglobal.com and AFolse@seaportglobal.com, with Seaport.

9.      **Sale Hearing**.  The Sale Hearing shall commence **May 10, 2023, at 10:00 a.m. (Central Time)** before the undersigned.  All individuals attending in-person hearings in this Court must adhere to applicable General Order 2021-2 issued by the United States District Court governing conduct and safety protocols required to enter the federal building located at 500 Poydras Street, New Orleans, Louisiana.  Those Orders can be found at: https://www.laeb.uscourts.gov/.  Parties may participate in the hearing by either: a) attending in person at the **U.S. Bankruptcy Court Eastern District of Louisiana, 500 Poydras Street, Courtroom B-709, New Orleans, Louisiana 70130; or b) by Teleconference line, 1-504-517-1385; Access Code 129611.**  The Court will issue a separate order concerning the filing of objections to the sale and any requirement for the filing of Witness and Exhibit lists for the Sale Hearing.  The Sale Hearing may be adjourned by announcement in open Court or on the Court's calendar without any further notice required.

10.      **Failure to Object.**  A party's failure to timely file or make an objection in accordance with this Order shall forever bar the assertion of any objection to the Bid Procedures Motion, entry of a sale order, and/or consummation of the sale with the Winning Bidder pursuant to the applicable purchase agreement, including the assumption and assignment of the executory contracts and leases to the Winning Bidder pursuant to the applicable purchase agreement, and shall be deemed to constitute any such party's consent to entry of a sale order and consummation of the sale and all transactions related thereto.

11.      **Filing List of Oil and Gas Leases Owned by a Debtor and Material Assets.**  The Debtors shall file on February 1, 2023, with the Court a list of the oil and gas leases owned by each Debtor and the material equipment that is being offered for sale and the location of such equipment if known.  The equipment list shall not constitute an admission by the Debtor as to which Debtor

owns the equipment identified on the schedule.  The equipment list filed shall advise parties that each Debtors schedules are due to be filed on February 17, 2023, and that the equipment list in the schedules when filed will be a more accurate designation of the material equipment owned by each Debtor.

12.     **Approval of Bid Procedures.**  The Bid Procedures, attached hereto as **Exhibit A**, are hereby approved in their entirety, and are hereby incorporated into this Order.  The Bid Procedures shall govern the submission, receipt, and analysis of all Bids relating to the proposed sale of the Assets. Any party desiring to bid on the Assets shall comply with the Bid Procedures and this Order. The Debtors, in consultation with Seaport and the Consultation Parties, are each authorized to take the actions necessary to implement the Bid Procedures and to pursue a sale of the Assets in accordance therewith.   Notwithstanding the foregoing, the consummation of the sale shall remain subject to entry of a further order of this Court, which shall serve as an order approving the sale of the Assets free and clear of any interests under § 363(f) of the Bankruptcy Code.  In the event of an inconsistency between this Bid Procedures Order and the Bid Procedures, the Bid Procedures Order shall prevail.  The failure to include or reference a particular provision of the Bid Procedures specifically in this Order shall not diminish or impair the effectiveness or enforceability of such a provision.

13.     The Debtors shall provide to the U.S. Trustee periodic reports concerning the Auction and all the actions taken by the Debtors in accordance with the Bid Procedures.

14.     **Bid Protections.**  The Debtors, in consultation with Seaport and the Consultation Parties, are authorized to grant Bid Protections in accordance with the Bid Procedures.  The Bid Protections shall constitute an allowed administrative expense claim against the Debtors' estates pursuant to sections 105(a), 503(b), and 507(a)(2) of the Bankruptcy Code.

15.     **Stalking Horse Bidder.**  The Debtors reserve the right in consultation with Seaport and the Consultation Parties to designate a Prospective Bidder or a Qualified Bidder as a "Stalking Horse Bidder".  The Debtors, if they designate one or more Stalking Horse Bidders, shall file a notice of such designation(s) with the Court, along with the bid and the APA executed by the proposed Stalking Horse Bidder(s).  If any interested party disagrees with the designation by the Debtor(s) of a Stalking Horse Bidder, the interested party within twenty-four (24) hours of being notified of the selection shall, in writing, specifically advise the Debtors, Debtors' counsel, and Seaport of the reason or reasons such party disagrees with the designation.  If no objection is received, the Prospective Bidder or Qualified Bidder identified in the filed Notice shall be a Stalking Horse and the protections afforded in the Bid Procedures and this Order.  To the extent that the Debtors receive the written objection the Debtors may request an expedited hearing to designate the Prospective or Qualified Bidder(s) as a Stalking Horse Bidder and the Prospective Bidder or Qualified Bidder identified in the Notice shall not be entitled to bid protections until the Court approves the designation.  The objection may not be based on the financial Bid Protections afforded the proposed Stalking Horse Bidder provided the Bid Protections both expense reimbursement and break-up fee do not exceed 3% of the cash component of the bid.

16.     **Time.**  All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

17.     **Effectiveness of this Order.**  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18.     **Retention of Jurisdiction.**  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**IT IS FURTHER ORDERED** that counsel for the Debtors shall serve this Order on the required parties who will not receive a copy through the Court's CM/ECF system pursuant to the Federal Rules of Bankruptcy Procedure, this Court's Local Rules, and any Order limiting notice in this case and file a certificate of service to that effect within three (3) days.

New Orleans, Louisiana, February 8, 2023.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE

## S2 Energy Operating, LLC, et al.
## Bid Procedures

Set forth below are the bid procedures (the "Bid Procedures") to be employed with respect to the sale of Assets of S2 Energy Operating, LLC, Krewe Energy, LLC, S2 Energy 1, LP and Krewe-TBay, LLC, as debtors-in-possession (the "Debtors") in the Bankruptcy Court for the Eastern District of Louisiana (the "Bankruptcy Court") (S2 Energy Operating, LLC (#23-10066), Krewe Energy, LLC (#23-10067), S2 Energy 1, LP (#23-10068) and Krewe-TBay, LLC (#23-10069) collectively, the "Bankruptcy Cases")). The Debtors sought entry of an order from the Bankruptcy Court authorizing and approving the sale to the Winning Bidder(s) (or the Backup Bidder(s) as the case may be). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in *the Motion for Order (a) Approving Auction Procedures and Bid Procedures; and (b) Approving Sale of Property of the Estate Free and Clear of Liens and Claims*, [ECF Doc. 55], ("Bid Procedures Motion" or "Motion").

## Asset Purchase Agreement

The Debtors intend to enter into an Asset Purchase Agreement ("APA") with the Winning Bidder. Subject to the terms of and except as provided in the APA/Modified APA of the Winning Bidder, the Assets of the Debtors shall be conveyed at closing free and clear of all liens, claims, interests and encumbrances.  All Assets will be transferred in their present condition and "AS IS, WITH ALL FAULTS, AND WITHOUT ANY WARRANTY WHATSOEVER, EXPRESS OR IMPLIED" other than a special warranty of title.

## Bidding Procedures Motion and Order

On January 17, 2023, the Debtors filed the Motion. The relief requested in the Motion was approved and authorized by the Bankruptcy Court by an order entered by the Court (the "Bid Procedures Order[1]").

## The Bidding Process

The Debtors, in consultation with Seaport Global Securities, LLC ("Seaport" or "SGS") and the Consultation Parties as defined by the Bid Procedures Order, in the Bankruptcy Cases, shall (i) determine whether any bid for the Assets is made by a Qualified Bidder,[2] (ii) coordinate

---

[1]     Bid Procedures Order shall mean the Order entered by the Court approving the Bid Procedures.

[2]     Qualified Bidder shall mean a Prospective Bidder that meets the requirements set forth in the Motion to acquire the Assets of the Debtors.

efforts of Prospective Bidders[3] in conducting their due diligence investigations, (iii) receive offers from Prospective Bidders, and (iv) negotiate in good faith any offers made to purchase the Assets (collectively, the "Bidding Process").

## Participation Requirements

Seaport, as investment banker for the Debtors, shall invite interested parties to conduct reasonable due diligence upon the execution of the Non-Disclosure Agreement in order to make a Bid. To become a Prospective Bidder, a party must submit to Debtors an executed Non-Disclosure Agreement in the form attached to the Bid Procedures Motion as Exhibit 1. A Prospective Bidder that the Debtors and Seaport determine is reasonably likely to submit a bona fide offer and to be able to consummate a sale if selected as a Winning Bidder or a Backup Bidder[4] shall be allowed to conduct further due diligence including access to the online data room.

## Due Diligence

The Debtors shall afford each Prospective Bidder the opportunity to conduct reasonable due diligence. The Debtors have designated Seaport to coordinate all reasonable requests for additional information and due diligence access. Except as may be provided by an order of the Bankruptcy Court, neither the Debtors nor any representative is obligated to provide any information to any person other than a Prospective Bidder. Notwithstanding anything herein to the contrary, the Debtors reserve the right to withhold information or restrict access to certain materials in any data room if providing such information or materials to a Prospective Bidder will, in the Debtors' business judgment, place the Debtors at a competitive disadvantage.

## Proposed Cure Amounts

The Debtors shall file with the Court and serve on all parties in interest a Motion to Assume/Assign Contracts or Leases (the "Assumption and Assignment Motion") giving notice of contracts and leases that are to be assumed and assigned to the Winning Bidder and notice of proposed cure amounts (the "Cure Notice") on April 28, 2023, prior to the Sale Hearing to be heard in conjunction with the Sale Motion (as defined herein). The inclusion a contract or lease on such Cure Notice shall not constitute or be deemed to be a determination or admission by the Debtors or any other party in interest that such document is, in fact, an executory contract or unexpired

---

[3]      Prospective Bidder shall mean an entity that either executes a non-disclosure agreement (NDA) or submits to the Debtors a letter of interest (LOI).

[4]      Back-up Bidder shall mean the Prospective Bidder that is not the Winning Bidder but is approved by the Court to acquire the Assets of the Debtors in the event the Winning Bidder defaults in acquiring the Assets of the Debtors.

lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

## Bid Deadline

Unless otherwise agreed to in writing in advance by the Debtors in consultation with Seaport and the Consultation Parties, regardless of when a party qualifies as a Prospective Bidder, the following parties must receive a Bid in writing, on or before **Thursday, March 9, 2023 at 5:00 p.m.** (Central Time) or such other date as may be ordered by the Court (the "Bid Deadline"): (i) counsel for Debtors, Douglas S. Draper, ddraper@hellerdraper.com, (i) representatives of Seaport, Michael Schmidt, MSchmidt@seaportglobal.com and Andrew Folse, AFolse@seaportglobal.com. The Debtors and Seaport shall send notification of bids received to the Prospective Bidders who seek to become Qualified Bidders, no later than within two (2) business days after the Bid Deadline with status of whether a Prospective Bidder is a Qualified Bidder. To the extent the bid and information provided by the Prospective Bidder does not qualify the Prospective Bidder as a Qualified Bidder the Prospective Bidder shall be notified of the deficiency in the submission and shall be provided an opportunity to cure such deficiency. No Prospective Bidder shall be designated as a Qualified Bidder after April 20, 2023. The Debtors and/or Seaport shall send copies of the received bids within two (2) business days after the Bid Deadline to the Consultation Parties.

## Bid Requirements

All bids must include, unless such requirement is waived by the Debtors, the following documents and requirements (the "Bid Requirements"):

- Executed transaction documents including an offer to purchase substantially all of the Assets (or an offer to purchase less than substantially all of the Assets or such other assets) on terms that are acceptable to the Debtors in consultation with Seaport, including without limitation, with respect to certainty and timing of closing;

- For the avoidance of doubt, a Prospective Bidder's offer may consist of cash and/or other consideration, including, but not limited to, notes or other securities, which other consideration shall be valued for purposes of determining a higher and better offer by the Debtors in consultation with Seaport;

- A Bid must include a cash component of at least 25% of the total Bid. To the extent a Bid is not an all-cash Bid, the Bid must disclose the collateral offered to secure the balance of payment and the terms of the remaining payments to be paid including but not limited to rate, term and amortization. Any Bid that is not an all-cash Bid will be discounted to present value using the appropriate discount rate as selected by the Debtors in consultation with Seaport and the Consultation Parties. The value of the payments due to a Debtor after

3

the closing of the sale will be determined by the Debtors in consultation with Seaport.  If a Prospective or Qualified Bidder disputes such value, the Prospective or Qualified Bidder may bring the matter to Bankruptcy Court on an expedited basis.

- A letter stating that the Prospective Bidder's offer is irrevocable through the Auction and, that if such Bid is accepted as the Winning Bid or the Backup Bid, such Bid shall continue to remain irrevocable until two (2) business days after the closing of the sale of the Assets;

- A copy of the duly executed APA/Modified APA marked to show all changes requested by the Prospective Bidder (including those related to purchase price) and designating any oil and gas leases or executory contracts and unexpired leases proposed to be acquired;

- A deposit equal to ten percent (10%) of the cash portion of the purchase price (the "Purchase Price Deposit") and a letter stating that the Debtors may retain the Purchase Price Deposit if the Prospective Bidder is selected by the Bankruptcy Court as the Winning Bidder or Backup Bidder and thereafter occurs an event of default thereunder based on the Winning Bidder's or Backup Bidder's breach of the APA;

- Does not request or entitle the Prospective Bidder to a break-up fee, termination fee, expense reimbursement or similar type of payment, except if the Prospective Bidder is an approved Stalking Horse Bidder;[5]

- Must not be conditioned on financing contingencies or the outcome of due diligence by the Prospective Bidder and must include an acknowledgement and representation as described herein that the Prospective Bidder had an opportunity to conduct any and all required due diligence prior to making its Bid;

- Fully discloses the identity of each entity that will be bidding for all or any portion of the Assets or otherwise sponsoring or participating in connection with such Bid, and the complete terms of any such participation, including the identification of the Prospective Bidder's principal advisors, if anything;

- The Bid must include written evidence reasonably acceptable to Debtors in consultation with Seaport and the Consultation Parties demonstrating appropriate corporate authorization to consummate the proposed transaction contemplated by the Bid; however, that, if the Bidder is an entity specially formed for the purpose of effectuating the transaction contemplated by the Bid, then the Prospective Bidder must furnish written evidence reasonably acceptable to Debtors of the approval of the proposed transaction by the equity holder(s) of such Prospective Bidder;

- Evidence, in form and substance reasonably satisfactory to the Debtors in consultation with Seaport and the Consultation Parties, of compliance or anticipated compliance with all

---

[5]     Stalking Horse Bidder shall mean a Prospective Bidder who executes a Purchase Agreement with the Debtors in which the Prospective Bidder is granted a breakup fee of expense reimbursement in such Purchase Agreement.

antitrust and other regulatory approvals, the anticipated time frame for such compliance and any anticipated impediments for obtaining such approvals;

- A Bid must obligate the Prospective Bidder to pay all cure amounts for any executory contract in addition to the Bid amount and any past due amounts or overriding royalties required to be paid under the oil and gas lease to be acquired to avoid cancellation of such lease;

- A list of the Debtors' oil and gas leases, executory contracts and leases with respect to which the Prospective Bidder seeks assignment from the Debtors and the means by which such Prospective Bidder will provide to the counterparty to the executory contract or lease adequate assurance of performance as required pursuant under 11 U.S.C. § 365;

- The Bid must include written evidence that the Prospective Bidder has the necessary financial ability to close the transaction and provide adequate assurance of future performance under all contracts to be assumed and assigned in such transaction.  Such information must include the following: (i) contact names and numbers for verification of financing sources; (ii) evidence of the Prospective Bidder's internal resources and proof of unconditional debt or equity funding commitments, from a recognized banking institution in the amount of the cash portion of such Bid or the posting of an irrevocable letter of credit from a recognized banking institution issued in favor of Debtors in the amount of the cash portion of such Bid, in each case, as needed to close the transaction; (iii) the Prospective Bidder's current financial statements (audited if they exist); and (iv) any such other form of financial disclosure or credit-quality support information or enhancement demonstrating that such Prospective Bidder has the ability to close the transaction in accordance with the APA;

- List of the liabilities the bidder proposes to assume under the Bid submitted by the Prospective Bidder; and

- A representation that the Prospective Bidder either possesses or will possess prior to the Auction all requisite licenses necessary to conduct the business of the Debtors.

A bid received from a Prospective Bidder by the Bid Deadline that satisfies all of the Bid Requirements, as reasonably determined by Debtors in consultation with Seaport and the Consultation Parties, or which Bid Requirements have been waived by the Debtors, shall be a "Qualified Bid," and such Prospective Bidder shall constitute a "Qualified Bidder."

Seaport shall have the right to designate a Prospective Bidder as a Qualified Bidder if such Prospective Bidder meets the qualifications to be a Qualified Bidder after the March 9, 2023, but prior to April 20, 2023, if Seaport determines that making the Prospective Bidder a Qualified Bidder is in the best interests of the estates.  Seaport shall, if it makes such a determination, shall immediately notify the Debtors and the Consultation Parties of such a designation.

**Stalking Horse Bidder**

The Debtors in consultation with Seaport and the Consultation Parties reserve the right to designate a Prospective Bidder or Qualified Bidder as a "Stalking Horse Bidder." Such Stalking Horse Bidder shall agree to participate in the Auction pursuant to the terms of the APA executed by the Stalking Horse Bidder with the Debtors, which may, include certain bidding protections that have been approved by Court Order. Such protections shall include: (i) a breakup fee and expense reimbursement based on the value of the Bid that the Debtors in consultation with Seaport have determined shall be the Stalking Horse Bid and a requirement with respect to any overbid. Combination of the breakup fee and expense reimbursement shall not exceed three percent (3%) of the actual cash consideration to be paid to the Debtors under the APA executed between the parties, and (ii) the Stalking Horse Bidder being able to use its bid protections in the calculation of its Bid (if an auction is held). If there are no Qualified Bidders prior to the bid deadline other than the Stalking Horse Bidder, the Auction shall be cancelled, and the Stalking Horse Bidder shall be deemed to be the Winning Bidder. **Notwithstanding the foregoing, no insider of the Debtors or affiliate of the Debtors shall be eligible for any Stalking Horse bid protections.** In addition, a Stalking Horse's bid protections shall only be applicable if no conditions for closing exist.

Notice of such designation will be filed with the Court along with the bid and APA executed by proposed Stalking Horse Bidder. If any Consultation Party or the United States Trustee disagrees with the designation by the Debtor of a Stalking Horse Bidder, the Consultation Party or the United States Trustee, within twenty-four (24) hours of being notified of the selection shall, in writing, specifically advise the Debtors, Debtors' counsel, and Seaport of the reason or reasons such Consultation Party disagrees with the designation. If no objection to the designation of such Qualified Bidder as a Stalking Horse is asserted, the entity set forth in the Notice shall be the Stalking Horse and afforded the protections in these Bid Procedures. To the extent that the Debtor(s) receives the written objection the Debtor(s) may request an expedited hearing to designate the Prospective or Qualified Bidder(s) as a Stalking Horse Bidder. The objection may not be based on the financial Bid Protections afforded the proposed Stalking Horse Bidder provided the Bid Protections (both expense reimbursement and breakup) fee do not exceed 3% of the cash component of the bid.

**"As Is, Where Is"**

The sale of the Assets shall be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Debtors, their agents or their estates except to the extent set forth in the APA/Modified APA of the Winning Bidder. By submitting a bid, each Qualified Bidder shall be deemed to acknowledge and represent that it has had an opportunity to conduct any and all due diligence regarding the Assets prior to making its bid, that it has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Assets in making its bid, and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by

operation of law or otherwise, regarding the Assets, or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in these Bid Procedures. By submitting a bid, each Qualified Bidder shall be deemed to acknowledge that it is bound by these procedures and has consented to the core jurisdiction of the Bankruptcy Court in connection with any disputes related to the sale process described herein and the construction and enforcement of any transaction documents relating to its bid.

### Free of Any and All Interests

Subject to the terms of and except as provided in the APA of the Winning Bidder, the Assets of the Debtors shall be conveyed at closing free and clear of all liens, claims, interests and encumbrances, with all such liens, claims, interests, and encumbrances attaching with the same validity and priority to the sale proceeds.  All Assets will be transferred in their present condition and "AS IS, WITH ALL FAULTS, AND WITHOUT ANY WARRANTY WHATSOEVER, EXPRESS OR IMPLIED" other than a special warranty of title.

### Auction, Bidding Increments and Bids Remaining Open

If more than one Qualified Bid has been received by the Debtors, Seaport shall conduct an auction (the "Auction") with respect to the Assets of the Debtors. The Auction shall take place on April 26, 2023, or such later date if set by the Court.

Seaport will conduct an Auction to determine the highest or otherwise best Qualified Bid. The Auction shall take place on **Wednesday, April 26, 2023, at 10:00 a.m. (Central Time)** to be held at a location determined by Seaport with Qualified Bidders permitted to appear in person at the Auction or appear virtually via online videoconference.  The Consultation Parties are allowed to appear at the Auction.

The Auction shall be conducted in accordance with the following procedures:

1. Seaport shall direct and preside over the Auction.  At the start of the Auction, Debtors shall describe to the participating Qualified Bidders the terms of the highest or otherwise best Qualified Bid or Bids received, or the designated Stalking Horse Bidder (such Qualified Bid the "Auction Baseline Bid").  Each Qualified Bidder participating in the Auction must confirm that it has not engaged in any collusion with respect to the bidding or sale of the Assets pursuant to 11 U.S.C. § 363(n).

    a. Any Stalking Horse Bidder designated by the Debtors shall be permitted to credit bid the full amount of the expense reimbursement and break-up fee pursuant to any Overbid (as defined in the Motion and below) in connection with each round of bidding.

b. Only the Debtors, Seaport, any Qualified Bidder, and the Consultation Parties, in each case, along with their representatives and counsel, may participate in the Auction, and only the Qualified Bidders will be entitled to make any Bids at the Auction.

c. Debtors, in consultation with Seaport and the Consultation Parties, reserve the right, in their reasonable business judgment, to request that the Court make one or more continuances of the Auction to, among other things: facilitate discussions between Debtors, Seaport and individual Qualified Bidders; allow individual Qualified Bidders to consider how they wish to proceed; and give Qualified Bidders the opportunity to provide Debtors, Seaport, and the Consultation Parties with such additional evidence, as Debtors in consultation with Seaport and the Consultation Parties in their reasonable business judgment may require, to establish that the Qualified Bidder has sufficient internal resources, or has received sufficient non-contingent debt and/or equity commitments, to consummate the proposed transaction at the prevailing Overbid amount.

d. On or before April 20, 2023 if a Qualified Bidder is approved as a Stalking Horse bidder the other the Qualified Bidders will be notified of the approval of a Stalking Horse Bidder and provided a copy of the bid, or the Debtors will advise all Qualified Bidders which Qualified Bid the Debtors in consultation with Seaport and the Consultation Parties have determined in their reasonable business judgment constitutes the then highest or otherwise best offer for the Assets (the "<u>Starting Bid</u>"). If there is a Stalking Horse Bid, it shall be the Starting Bid unless the Debtors have received from a Qualified Bidder a higher and better bid.

e. Bidding at the Auction will begin with the Starting Bid and continue, in one or more rounds of bidding, so long as during each round (a) at least one Subsequent Bid is submitted by a Qualified Bidder that improves upon such Qualified Bidder's immediately prior Qualified Bid and meets the Overbid (defined below), and (b) the Debtors in consultation with the Seaport and the Consultation Parties determine that a Subsequent Bid is a higher or otherwise better offer than the then current leading Qualified Bid.

f. An "Overbid" is any Bid made at the Auction subsequent to Debtors' announcement of the Auction Baseline Bid. To submit an Overbid for purposes of the Auction, a Qualified Bidder must comply with the following conditions:

   i. Any Overbid after the Auction Baseline Bid shall be made in increments valued at the greater of Fifty Thousand Dollars ($50,000.00) or 125% of any breakup fee and expense reimbursement payable to the Stalking Horse Bidder. Additional consideration in excess of the amount set forth in the Auction Baseline Bid may include, in the case of a Bid by any previously

designated Stalking Horse, a credit bid of the expense reimbursement and breakup fee.

ii. All Overbids after the initial Overbid shall be determined by, the Debtors, in consultation with Seaport and the Consultation Parties.

iii. The Auction shall be conducted in an open format, with Overbids to be made in the presence of all participating Qualified Bidders. Subsequent to the Initial Overbid, bidding will be conducted in rounds, with every Qualified Bidder present at the Auction being entitled to bid in each round.

   1. In the event that a Qualified Bidder announces that it will not meet the current highest Bid during a round of bidding, such Qualified Bidder shall be excluded from further bidding (unless it has already made the highest or best Bid as of the conclusion of that round of bidding). Following each round of bidding, Debtors shall announce the highest or best Bid of such round, and the maker of such highest or best Bid shall have the last opportunity to bid at the next subsequent round.

iv. Except as modified in the Motion or herein, an Overbid must comply with the conditions for a Qualified Bid set forth above, except with respect to the Bid Deadline. Any Overbid must remain open and binding on the Qualified Bidder until and unless Debtors accept a higher or otherwise better Overbid.

   1. To the extent not previously provided (which shall be reasonably determined by Debtors in consultation with Seaport and the Consultation Parties) a Qualified Bidder submitting an Overbid must submit (to the extent required by Seaport), as part of its Overbid, written evidence (in the form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to Seaport) demonstrating such Qualified Bidder's ability to close the transaction proposed by such Overbid.

g. All Qualified Bidders at the Auction must have at least one individual representative with authority to bind such Qualified Bidder participate at the Auction.

h. All proceedings at the Auction shall be conducted before and transcribed by a stenographer provided by the Debtors.

i. For the purpose of evaluating the value of the consideration provided by each bid presented at the Auction, the valuation criteria for a Bid will take into consideration, among other things, the mix of cash payable at closing verses other forms of consideration, whether the consideration is payable at the closing or over

9

time, the financial and contractual terms as well as factors relevant to the sale process, including any issues affecting the speed and certainty of consummating the proposed sale or antitrust or unfair competition issues, and any other factors which Seaport may consider in evaluating bids. Seaport, in evaluating bids may consult with the Debtor, Seaport, and the Consultation Parties without any Qualified Bidder being present. Prior to the start of the Auction, the Debtors, in consultation with Seaport and the Consultation Parties, reserve the right to alter the bidding rules at any time, if in their view such changes would improve the prospects of increasing the estates' recovery.

j. After each round of bidding, Seaport shall announce the Qualified Bid or Subsequent Bid, as the case may be, determined to be the then highest or otherwise best bid (the "Leading Bid"). A round of bidding will conclude after each participating Qualified Bidder has an opportunity to submit a Subsequent Bid with full knowledge of the Leading Bid. Seaport in determining the Leading Bid shall consult with the Debtors and the Consultation Parties outside the presence of Qualified Bidders.

k. At the conclusion of the Auction, Seaport will announce the Qualified or Subsequent Bid which is the highest or otherwise best bid (the "Winning Bid" and the entity or entities submitting such Winning Bid, the "Winning Bidder") and such Winning Bid will be submitted to the Court for approval at the Sale Hearing[6] (defined below), along with the second highest and best Qualified Bid (the "Back-Up Bid").

l. THE DEBTORS IN CONSULTATION WITH SEAPORT AND THE CONSULTATION PARTIES RESERVE THE RIGHT PRIOR TO THE COMMENCEMENT OF THE AUCTION OR DURING THE AUCTION TO CHANGE OR REQUEST THE COURT TO CHANGE THE AUCTION PROCESS DESCRIBED ABOVE TO A SEALED BID PROCESS. IF THE PROCESS IS CHANGED BY THE DEBTORS BEFORE THE START OF THE AUCTION THE DEBTORS SHALL NOTIFY ALL QUALIFIED BIDDERS FORTY-EIGHT (48) HOURS IN ADVANCE OF THE SEALED BID DEADLINE NOTICE OF A CHANGE TO A FINAL SEALED BID PROCESS MUST BE PROVIDED TO ALL REMAINING QUALIFIED BIDDERS AT LEAST THREE (3) HOURS PRIOR TO THE DEADLINE FOR SUCH SEALED BID.

m. Debtors, in consultation with Seaport and the Consultation Parties, prior to the start of the Auction may announce at the Auction additional procedural rules that are

---

[6]  Sale Hearing shall mean the hearing conducted by the Bankruptcy Court on the sale of the Debtors' Assets.

reasonable under the circumstances (e.g., the amount of time to make subsequent Overbids) for conducting the Auction so long as such rules are not inconsistent with the Bid Procedures.

## Acceptance of Qualified Bids

The Debtors shall sell the Assets to a Winning Bidder or Bidders only upon the approval of the sale by the Bankruptcy Court after Notice and Hearing (the "Sale Hearing"). The Debtors' presentation of a particular Winning Bid or Bids to the Bankruptcy Court for approval does not constitute the Debtors' acceptance of the Winning Bid. The Debtors will be deemed to have accepted a Qualified Bid only when the Winning Bid (or Bids) has been approved by the Bankruptcy Court at the Sale Hearing. All rights of interested parties to object to the Debtors' selection of the Winning Bidder or Bidders and/or Back Up Bidder or Bidders at the Sale Hearing are reserved. For the avoidance of doubt, reserved objections also include the assignment of any of such objector's Executory Contract or Lease or oil and gas lease provided, however, that objection to such assignment on the basis of the cure amount or amount necessary to avoid cancellation of the oil and gas lease must be made and/or reserved as set forth in any order of the Bankruptcy Court.

## Sale Hearing and Objection Deadline

On **Friday, April 28, 2023 by 5:00 p.m.**, the Debtors shall file with the Court and serve on any contract, counterparties and the Consultation Parties a notice of the Winning Bid in conjunction with a sale motion identifying, among other things: (a) the Winning Bidder; (b) the bidder that presented the Back-Up Bid; (c) the consideration to be paid for the Assets; (d) the Executory Contracts or Leases and oil and gas leases to be assumed and assigned to the Winning Bidder in connection with the sale or sales of the Assets; (e) the liabilities to be assumed by the Winning Bidder in connection with the sale or sales of the Assets; and (f) copies of the respective APA/Modified APA entered into by the Winning Bidder and the Back-Up Bidder (the "Sale Motion").

On April 28, 2023 by 5:00 p.m., the Debtors will file a notice of hearing on the Court scheduled Sale Hearing to consider the Sale Motion on **Wednesday, May 10, 2023, at 10:00 a.m.** (Central Time) with objections, if any, to the sale of the Assets, any of the transactions contemplated by the APA/Modified APA, and/or the relief requested in the Motion, including without limitation, the treatment of the designated contracts and any and all matters relating to the potential assumption by Debtors and assignment to the Stalking Horse Bidder or Bidders or other Winning Bidder or Bidders of such designated contracts, must: be in writing; comply with the Bankruptcy Rules and the local rules of the Bankruptcy Court; be filed with the clerk of the Bankruptcy Court for the Eastern District of Louisiana, (or filed electronically via the Bankruptcy Court's electronic filing system), on or before **Friday, May 5, 2023, at 5:00 p.m.** (Central Time)

(the "<u>Objection Deadline</u>"); and be served so as to be received no later than 5:00 p.m. (Central Time) on the Objection Deadline by the following: (i) counsel to Debtors, Douglas S. Draper, ddraper@hellerdraper.com, and (ii) for Seaport, MSchmidt@seaportglobal.com and AFolse@seaportglobal.com.

## **Sale Hearing and Backup Bidders**

Following the Sale Hearing, if the Winning Bidder (or Bidders) (defined herein) fails to consummate an approved transaction, Debtors may designate the Backup Bidder or Bidders to be the new Winning Bidder, and Debtors will be authorized, but not required, to consummate the transaction with the Backup Bidder or Bidders without further order of the Bankruptcy Court.  In such case, the defaulting Winning Bidder's deposit shall be forfeited to Debtors, and Debtors specifically reserve the right to seek all available damages from a defaulting Winning Bidder.  The deposit of a Backup Bidder shall be held by Debtors until the earliest twenty-four (24) hours after (i) the closing of the transaction with the Winning Bidder and (ii) the Outside Backup Date.

Debtors have requested in the Motion that the Sale Hearing be conducted shortly after conclusion of the Auction.  At the Sale Hearing, Debtors shall seek the entry of the Sale Order that shall (i) approve the Winning Bid and the transfer of the Assets to the Winning Bidder or Bidders on an "as is, where is" basis, free and clear of all liens (except for the Permitted Encumbrances as defined in the APA and as otherwise designated in the Winning Bid), with the liens to attach to the net proceeds of the sale of such Assets not remitted under the order approving a sale or sales upon closing; (ii) upon reasonable evidentiary showing, contain a finding that the Winning Bidder is a good faith purchaser pursuant to Bankruptcy Code § 363(m); and (iii) provide that the closing shall be as set forth in the APA/Modified APA.

If a Backup Bidder is identified to the Bankruptcy Court at the Sale Hearing, the Sale Order shall approve the Backup Bid, on a contingent basis.

## **Modifications**

The Debtors in consultation with Seaport and the Consultation Parties may prior to the Sale Hearing reject at any time before entry of an order of the Bankruptcy Court approving the Winning Bid any bid that is (a) in the opinion of the Debtor in consultation with Seaport and the Consultation Parties , inadequate or insufficient and the rejection of the bid is determined to be in the best interests of the estates and the creditors, (b) not in conformity with the requirements of the Bankruptcy Code, the Bid Procedures, or the terms and conditions of sale, or (c) contrary to the best interests of the Debtors, the estates and creditors. Notwithstanding any other provision of these procedures, prior to the start of the Auction the Debtors in consultation with Seaport shall have the right to modify any bidding or objection deadline described herein and the procedures to be used in any auction as set forth in these procedures.