UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: | * | Case No. 23-10066 |
| S2 ENERGY OPERATING, LLC[1] | * | Chapter 11 (Jointly Administered) |
| Debtors | * | Section A |

**MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a) AND 365(a)
AND FED. R. BANKR. P. 3002 AND 6006 AUTHORIZING THE REJECTION OF
AN UNEXPIRED LEASE OF THE DEBTOR**

NOW INTO COURT, through undersigned counsel, comes S2 Energy Operating, LLC, as debtor and debtor-in-possession ("S2 Operating" or "Debtor"), who files this *Motion for Order Under 11 U.S.C. §§ 105(a) and 365(a) and Fed. R. Bankr. P. 3002 and 6006 Authorizing Rejection of an Unexpired Lease of the Debtor*. The Debtor is lessee to a certain equipment lease (the "Lease") dated August 26, 2015, with Creole Compression, LLC ("Lessor") that it now seeks to reject because the leased equipment is on the Little Lake Field, which was badly damaged by Hurricane Ida in August 2021, and is no longer in operation. In further support, the Debtor represents as follows.

**JURISDICTION, VENUE AND STATUTORY PREDICATES**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This Motion concerns the administration of the Debtor's estate and is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] This case is jointly administered with Krewe Energy, LLC (#23-10067), S2 Energy 1, LP (#23-10068) and Krewe-TBay, LLC (#23-10069).

{00379797-1}  1

3. The statutory predicates for the relief requested herein are 11 U.S.C. § 105(a) and 365, and Rules 3002 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Rule(s)").

## PROCEDURAL HISTORY AND BACKGROUND

4. On January 16, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. Under the terms of the Lease, the Debtor leased a 1905 natural gas engine with a HP300 Wheatley pump (the "Wheatley Pump") and an 817 Waukesha natural gas engine with a 3582 Gaso pump (the "Gaso Pump") and together with the Wheatley Pump, the "Equipment") for an initial term of 12 months with monthly payments of $7,500.00.

6. Since 2015, the monthly lease payments have increased to $8,190.00.

7. The Equipment is located on the Little Lake Field and was used in the Debtor's operations thereon with the Wheatley Pump intended as the principal pump and the Gaso Pump as a backup.

8. The Little Lake Field is located south of New Orleans, Louisiana, on the shallow waters of Little Lake.

9. On August 29, 2021, Hurricane Ida struck south Louisiana and caused significant damage to the Little Lake Field, thereby halting operations. As a result, the Debtor is no longer using, but remains in possession of, the Equipment.

10. Because the Debtor is no longer operating at the Little Lake Field, it is in the best interest of the estate to reject the Lease.

## RELIEF REQUESTED

11. The Debtor needs to reject the Lease as the Equipment is no longer being used by the Debtor and represents a liability in that lease payments continue to accrue under the Lease and the Debtor is responsible for the maintenance and repair of the Equipment.

12. Section 365(a) of the United States Bankruptcy Code (11 U.S.C. § 101 *et seq.*) authorizes a debtor to reject its executory contracts and unexpired leases subject to the approval of the bankruptcy court:

> (a) Except as provided in . . . subsections (b), (c) and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

11 U.S.C. § 365(a).

13. Courts evaluate a decision to reject an executory contract or unexpired lease under the deferential "business judgment" standard. *In re J. C. Penney Direct Mktg. Servs., L.L.C.*, 50 F.4th 532, 534 (5th Cir. 2022).[2] The standard allows the Debtor, "upon entering bankruptcy, to decide whether the contract is a good deal for the estate going forward." *Mission Prod. Holdings v. Tempnology, LLC*, 139 S. Ct. 1652, 1658 (2019). The appropriate perspective is to ask whether the decision "appears to enhance a debtor's estate." *J. C. Penney Direct Mktg. Servs., L.L.C.*, 50 F.4th at 534.[3] "A court should defer to a debtor's decision that rejection of a contract would be advantageous unless the decision is so unreasonable that it could not be based on sound business

---

[2] *See also, Lifemark Hospitals, Inc. v. Liljeberg Enters., Inc. (In re Liljeberg Enters., Inc.)*, 304 F.3d 410, 438 (5th Cir. 2002); *NLRB v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) ("It is well established that the question whether a lease should be rejected is one of business judgment" (internal quotations omitted)).

[3] *See also In re Balco Equities Ltd.*, 323 B.R. 85, 98 (Bankr. S.D.N.Y. 2005) ("The business judgment test emphasizes whether rejection would result in greater benefit for the debtor's creditors." (internal quotations omitted)); *In re Pisces Energy, LLC*, No. 0936591-H5-11, 2009 WL 7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009) (citing *Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1046–47 (4th Cir.1985)); *In re MPF Holding U.S. LLS*, No. 08-36084, 2013 WL 3197658, at *9 (Bankr. S.D. Tex. June 21, 2013); *Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 40 (3d Cir. 1989).

judgment, but only on bad faith or whim." *Balco Equities*, 323 B.R. at 98; *In re Pisces Energy*, 2009 WL 7227880, at *6; *In re G SURVIVOR CORP.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994); *In re Pilgrim's Pride Corp.*, 403 B.R. 413, 422 (Bankr. N.D. Tex. 2009); If the trustee's or debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease or executory contract. *See, e.g.*, *Richmond Leasing*, 762 F.2d at 1309; *In re Idearc Inc.*, 423 B.R. 138, 162 (Bankr. N.D. Tex. 2009), *aff'd*, 662 F.3d 315 (5th Cir. 2011) ("In the absence of a showing of bad faith or an abuse of business discretion, the debtor's business judgment will not be altered").

14. Rejection under Section 365 of the Bankruptcy Code "provides a way for a [debtor] to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *RPD Holdings, L.L.C. v. Tech Pharm. Servs. (In re Provider Meds, L.L.C.)*, 907 F.3d 845, 851 (5th Cir. 2018) *quoting Phoenix Exploration, Inc. v. Yaquinto (In re Murexco Petroleum, Inc.)*, 15 F.3d 60, 62 (5th Cir. 1994).

15. It is within the Debtor's sound business judgement to reject the Lease. The Debtor no longer uses the Equipment and the lease payments constitute a drain on the estate. The Debtor has performed its due diligence and has determined that the Lease should be rejected, because it provides no benefit to the estate given that operations have ceased at the Little Lake Field.

16. As of the Petition Date, the Debtor owed approximately $153,743.58 in prepetition missed lease payments, which amount is included in the Debtor's list of Top 20 Unsecured Creditors.

17. To address the issue of any rejection damage claim in favor of Creole Compression, LLC, the Debtor proposes a proof of claim deadline of 30 days after the entry

of any order approving this Motion to assert a claim for rejection damages, with the Debtor reserving all rights to object or otherwise respond to any such filed claims.

**WHEREFORE**, S2 Energy Operating, LLC, respectfully requests that this Court enter an Order granting it the authority to reject the Lease, setting a proof of claim deadline of 30 days after the entry of any order approving this Motion, and for all other relief that is just and equitable.

Respectfully submitted:

*/s/Douglas S. Draper*
**HELLER, DRAPER & HORN, LLC**
Douglas S. Draper, La. Bar No. 5073
Leslie A. Collins, La. Bar No. 14891
Greta M. Brouphy, La. Bar No. 26216
Michael E. Landis, La. Bar No. 36542
650 Poydras Street, Suite 2500
New Orleans, LA 70130-6103
Tel: (504) 299-3300
Fax: (504) 299-3399
Email: ddraper@hellerdraper.com
lcollins@hellerdraper.com
gbrouphy@hellerdraper.com
mlandis@hellerdraper.com

*Proposed Counsel for the Debtors*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 8, 2023, a copy of the above and foregoing was filed electronically and served by e-mail to all parties by operation of the Court's electronic filing system as indicated below. The above Motion was also served via first class U.S. mail, postage prepaid to the attached combined matrix.

                                        */s/Douglas S. Draper*
                                        Douglas S. Draper

Michael H. Bagot, Jr. on behalf of Creditor Pioneer Production Services, Inc.
mbagot@wb-lalaw.com, cstmartin@wb-lalaw.com;jlazard@wb-lalaw.com

Brian A. Baker on behalf of Creditor DNOW L.P. d/b/a DistributionNOW
brian.baker@stacybakerlaw.com

Steven Beauchamp on behalf of Creditor Argonaut Insurance Company
sbeauchamp@krebsfarley.com, mbowers@krebsfarley.com

Greta M. Brouphy on behalf of Debtor Krewe Energy, LLC
gbrouphy@hellerdraper.com, vgamble@hellerdraper.com

Greta M. Brouphy on behalf of Debtor Krewe-TBay, LLC
gbrouphy@hellerdraper.com, vgamble@hellerdraper.com

Greta M. Brouphy on behalf of Debtor S2 Energy 1, LP
gbrouphy@hellerdraper.com, vgamble@hellerdraper.com

Greta M. Brouphy on behalf of Debtor S2 Energy Operating, LLC
gbrouphy@hellerdraper.com, vgamble@hellerdraper.com

Douglas S. Draper on behalf of Debtor Krewe Energy, LLC
ddraper@hellerdraper.com, vgamble@hellerdraper.com

Douglas S. Draper on behalf of Debtor Krewe-TBay, LLC
ddraper@hellerdraper.com, vgamble@hellerdraper.com

Douglas S. Draper on behalf of Debtor S2 Energy 1, LP
ddraper@hellerdraper.com, vgamble@hellerdraper.com

Douglas S. Draper on behalf of Debtor S2 Energy Operating, LLC
ddraper@hellerdraper.com, vgamble@hellerdraper.com

Amanda Burnette George on behalf of U.S. Trustee Office of the U.S. Trustee
Amanda.B.George@usdoj.gov

Katilyn Michelle Hollowell on behalf of Creditor Quality Production Management, LLC
katie.hollowell@keanmiller.com

Benjamin Kadden on behalf of Interested Party Archrock Partners Operating LLC
bkadden@lawla.com, mnguyen@lawla.com

Michael E. Landis on behalf of Debtor S2 Energy Operating, LLC
mlandis@hellerdraper.com, Vgamble@hellerdraper.com

J. Eric Lockridge on behalf of Creditor Quality Production Management, LLC
eric.lockridge@keanmiller.com, stephanie.gray@keanmiller.com;eric-lockridge9072@ecf.pacerpro.com

Armistead M. Long on behalf of Creditor Gordon, Arata, Montgomery, Barnett, McCollam, Duplantis & Eagan, LLC
along@gamb.law, sroberts@gamb.law

Tristan E. Manthey on behalf of Creditor Committee Official Committee of Unsecured Creditors in the case of S2 Energy Operating, LLC, case no. 23-10066
tmanthey@fishmanhaygood.com, fritscher@fishmanhaygood.com;dbush@fishmanhaygood.com

George Nalley on behalf of Creditor Hope Services, Inc.
cindy@gnalley.com

Cherie D. Nobles on behalf of Creditor Committee Official Committee of Unsecured Creditors in the case of S2 Energy Operating, LLC, case no. 23-10066
cnobles@fishmanhaygood.com, dbush@fishmanhaygood.com;kfritscher@fishmanhaygood.com

Charles M Rush on behalf of Creditor Diamond Oil Field Supply Inc
cmrush@charlesmrushesq.com

Ryan M. Seidemann on behalf of Creditor State of Louisiana, Department of Natural Resources
seidemannr@ag.louisiana.gov

James Wesley Thurman on behalf of Interested Party Archrock Partners Operating LLC
jthurman@lawla.com

Office of the U.S. Trustee
USTPRegion05.NR.ECF@usdoj.gov

David F. Waguespack on behalf of Creditor CRC Krewe AIV, LLC
waguespack@carverdarden.com, docket@carverdarden.com;plaisance@carverdarden.com

Julie Walker on behalf of Creditor J-W Power Company
jwalker@milmen.com